1 | WILLIAM G. MALCOLM #129271
ANDREW SCOBLE #267377
2 | MALCOLM ♦ CISNEROS
2112 Business Center Drive
3 | 2nd Floor
Irvine, California 92612
4 | Telephone:  (949) 252-9400
Telecopier:  (949) 252-1032
5 |
Counsel for BANK OF NEW YORK MELLON
6 | CORPORATION, RECONTRUST COMPANY,
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS,
7 | INC., BAC HOME LOANS SERVICING, LP, and
COUNTRYWIDE HOME LOANS, INC.

8

9 | UNITED STATES DISTRICT COURT

10 | CENTRAL DISTRICT OF CALIFORNIA (WESTERN DIVISION)

11

12 | DONALD LECHEZ BALLARD,

13 | Plaintiff,

14 | vs.

15 | BANK OF NEW YORK MELLON
CORPORATION; CTC REAL
16 | ESTATE SERVICE; FIDELITY
NATIONAL TITLE CO;
17 | RECONTRUST COMPANY;
MORTGAGE ELECTRONIC
18 | REGISTRATION SYSTEMS, INC.
(MERS); BAC HOME LOANS
19 | SERVICING, LP;
COUNTRYWIDE HOME LOANS,
20 | INC.; HENRY M. PAULSON, JR.,
SECRETARY OF THE
21 | TREASURY, UNITED STATES;
MICHAEL B MUKASEY, U.S.
22 | ATTORNEY GENERAL, as
ALIEN PROPERTY
23 | CUSTODIAN; and all persons
unknown, claiming any legal or
24 | equitable right, title, estate, lien, or
interest in the property described in
25 | the complaint adverse to plaintiff's
title, or any clouds upon plaintiff's
26 | title thereto.

27 | Defendants,

28 | Real Party in Interest, Intervenor:
Donald L. Ballard

Case No. 2:10-cv-06784-DSF-OP

**NOTICE OF MOTION AND MOTION
TO DISMISS COMPLAINT FOR
FAILURE TO STATE A CLAIM UPON
WHICH RELIEF MAY BE GRANTED;
MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT
THEREOF**

**[F. R. Civ. P. 12(b)(6)]**

**Date:   November 22, 2010
Time:  1:30 p.m.
Ctrm:  840**

**TO THE HONORABLE DALE S. FISCHER, UNITED STATES DISTRICT COURT JUDGE, PLAINTIFF, AND PLAINTIFF'S ATTORNEY OF RECORD:**

PLEASE TAKE NOTICE that on November 22, 2010 at 1:30 p.m., or soon thereafter as the matter may be heard in Courtroom 840 of the above entitled Court, located at 255 East Temple Street, California  90012, Defendants BANK OF NEW YORK MELLON CORPORATION, RECONTRUST COMPANY, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., BAC HOME LOANS SERVICING, LP, and COUNTRYWIDE HOME LOANS, INC. will and hereby do move the Court to dismiss the Complaint herein for failure to state a claim upon which relief may be granted.  This Motion is made and based upon Rule 12(b)(6) of the Federal Rules of Civil Procedure.  This Motion will be based upon this Notice, the attached Memorandum of Points and Authorities, the Request for Judicial Notice filed in conjunction with the Motion, and upon all pleadings, papers and documents on file herein, and any oral argument which may be presented at the time of the hearing.

Dated: October 12, 2010          MALCOLM ♦ CISNEROS


By:  */s/ William G. Malcolm*
    WILLIAM G. MALCOLM
    ANDREW SCOBLE
    Attorneys for Defendants
    BANK OF NEW YORK MELLON
    CORPORATION, RECONTRUST
    COMPANY, MORTGAGE ELECTRONIC
    REGISTRATION SYSTEMS, INC., BAC
    HOME LOANS SERVICING, LP, and
    COUNTRYWIDE HOME LOANS, INC.

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    INTRODUCTION

Plaintiff's entire Complaint is based on the discredited "vapor money" theory.  Essentially, Plaintiff's argument revolves around the idea that he was not lent "legal tender" (i.e., gold or silver coin or currency redeemable for gold or silver coin) when he purchased the Property that is the subject of this action.  Instead, he claims he was lent "credit," which is a negotiable instrument not backed by gold or silver coin that cannot create a valid debt.  The basis of the "vapor money" theory is that since 1933 and the "New Deal," the United States has been bankrupt and lenders have been creating unenforceable debts because they are lending credit rather than legal tender.  See Complaint, ¶ 47.  Plaintiff seeks to reap all the benefits of the bargain, without the accompanying burden.

## II.    STATEMENT OF FACTS

On September 19, 2005, Plaintiff Donald Bullard and Peggy Bullard executed a promissory note ("Note") promising to pay Defendant Countrywide Home Loans, Inc. ("Countrywide") $713,059.00 secured by a deed of trust ("Deed of Trust") on the real property located at 12329 Moondance Court, Rancho Cucamonga, CA 91739 ("Property").  A true and correct copy of the Deed of Trust is attached as Exhibit ("Exh.") 1 to the Request for Judicial Notice ("RJN") filed concurrently herewith.  The Deed of Trust identifies Countrywide as the "Lender," ReconTrust Company, N.A. ("ReconTrust") as the Trustee, and Mortgage Electronic Registration Systems, Inc. ("MERS") as the "Beneficiary," "acting solely as a nominee for Lender and Lender's successors and assigns." RJN, Exh. 2, p. 2.

Plaintiff defaulted on the Note and by July 9, 2008, the arrearage had reached the sum of $36,602.43.  RJN, Exh. 2.  Defendant ReconTrust recorded a Notice of Default and Election to Sell under Deed of Trust on July 10, 2008.  RJN, Exh. 2.  Plaintiff failed to cure the default, and as a result, a Notice of Trustee's

1   Sale was recorded on January 13, 2010.  RJN, Exh. 3.

2        On April 5, 2010 an Assignment of Deed of Trust was executed by MERS

3   in favor of THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW

4   YORK AS TRUSTEE FOR THE CERTIFICATEHOLDERS CWALT, INC.

5   ALTERNATIVE LOAN TRUST 2005-62 MORTGAGE PASS-THROUGH

6   CERTIFICATES, SERIES 2005-62.

7        On the same day, April 5, 2010, the Property was sold at public auction and

8   a Trustee's Deed Upon Sale was recorded.  RJN, Exh. 5.

9        Plaintiff filed the instant complaint on September 13, 2010.

10  **III.   DISCUSSION**

11       **A.    Dismissal Is Appropriate Under Rule 12(b)(6).**

12       "A motion to dismiss will be granted where the plaintiff fails to state a

13  claim upon which relief can be granted.  Fed.R.Civ.P. 12(b)(6)."  *McManus v.*

14  *American Express Tax and Business Services, Inc.*, 67 F.Supp.2d 1083, 1086 (D.

15  Ariz. 1999).  "A Rule 12(b)(6) dismissal can be based on the failure to allege a

16  cognizable legal theory or the failure to allege sufficient facts under a cognizable

17  legal theory.  *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th

18  Cir. 1984)."  *Rose v. Beverly Health and Rehabilitation Services, Inc.*, 356 B.R.

19  18, 23 (Bankr. E.D. Cal. 2006).

20       Review is limited to the contents of the complaint.  *Clegg v. Cult Awareness*

21  *Network*, 18 F.3d 752, 754 (9th Cir. 1994).

22       However, exhibits attached to the complaint, as well as matters of
23       public record may be considered in determining whether dismissal was
         proper without converting to the motion to one for summary judgment.
24       See *Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484
         (9th Cir.1995); *Mack v. South Bay Beer Distributors, Inc.*, 798 F.2d
25       1279, 1282 (9th Cir.1986).

    *Carpenter v. FDIC (In re Carpenter)*, 205 B.R. 600, 604 (BAP 9th Cir. 1997).
26
27       In the present case, the Deed of Trust, Notice of Default, Assignment,

28  Notice of Trustee's Sale and Trustee's Deed Upon Sale are matters of public

1    record.   As such, these documents may be considered without converting the
2    12(b)(6) motion to a motion for summary judgment.   *Lee v. City of Los Angeles*,
3    250 F.3d 668, 688 (9th Cir. 2001).

4        In the past, courts held that a dismissal is warranted only where "it appears
5    beyond doubt that the Plaintiff *can prove no set of facts* which would entitle him
6    [or her] to relief."   *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d
7    80 (1957) (emphasis added).   The United States Supreme Court rejected this test
8    in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929
9    (2007) and held that in order to survive a motion to dismiss for failure to state a
10   claim a complaint must set forth "enough facts to state a claim for relief that is
11   *plausible on its face*."   *Id.*, 550 U.S. at 570 (emphasis added).

12       Plaintiff's Complaint fails to do so.   The Complaint is based upon the
13   "vapor money" theory which has been consistently rejected and dismissed in
14   federal courts.   Consequently, Plaintiff's Complaint should be dismissed in its
15   entirety.

## B.    Plaintiff Cannot Set Aside the Foreclosure Sale Because He Has Failed to Tender the Indebtedness Owing.

18       It is settled law in California that an action to set aside a trustee's
19   foreclosure sale under a deed of trust must be accompanied by a valid and viable
20   tender of payment of the indebtedness owing.   *Great Western Sav. & Loan Ass'n*,
21   165 Cal. App. 3d 1214, 1225 (1985).

22       In a situation similar to the one at bench, the court in *Leonard v. Bank
23   of America etc. Assn.*, 16 Cal.App.2d 341, 344 held "...[Our] Supreme
     Court, in one of its earliest decisions on the subject, said:

24   "... It is apparent from the general tenor of the decisions that an action
25   to set aside the sale, unaccompanied by an offer to redeem, would not
     state a cause of action which a court of equity would recognize."
26   [*Copsey v. Sacramento Bank*, 133 Cal. 659, 662 (1901)].

27   In giving determinative force to the application of the principle of
     equity-jurisprudence just enunciated, the court has taken requisite
28   cognizance of the fact that it appears without any conflict that the
     plaintiff was both at the time of the exercise of the power of

foreclosure and is now in substantial default in the performance of the obligation of her contract and that she has in no manner shown by the evidence any ability to presently relieve herself from such defaults. Equity will not interpose its remedial power in the accomplishment of what would seemingly would be nothing but an idly and expensively futile act, nor will it purposely speculate in a field where there has been no proof as to what beneficial purpose may be subserved through its intervention.

*Karlsen v. American Savings and Loan Assn.*, 15 Cal.App.3d 112, 117-118 (1971).

The same is true of action to quiet title. As the California Supreme Court noted almost 75 years ago, "[i]t is settled in California that a mortgagor cannot quiet his title against the mortgagee without paying the debt secured." *Shimpones v. Stickney*, 219 Cal. 637, 649 (1934).

Having failed to tender payment, Plaintiff has failed to state a claim against any of the Defendants to set aside the foreclosure proceedings.

## C.   The Cause of Action to Set Aside Foreclosure Sale Fails to State a Claim for Relief.

In his first cause of action, in addition to his "vapor money" theory allegations, Plaintiff alleges that "Bank of New York has no Note," that "there is no deed of trust wherein BANK OF NEW YORK is a beneficiary" and that "Bank of New York is not, and was not, the 'Holder in Due Course' of any financial instrument that requires Petitioner to pay or perform, nor upon which Bank of New York could exercise any right."   Complaint, ¶¶ 59, 62, 63.

The allegation that the beneficiary foreclosing under a deed of trust must have the original promissory note in its possession or produce it to the borrower has been rejected by virtually every court to consider the issue.[1]   While most of the decisions are unpublished and not precedent, their reasoning is persuasive. As the United States District Court for the Southern District of California stated in

---

[1] See, e.g., *Hernandez v. California Reconveyance Co.*, 2009 U.S. Dist. LEXIS 13936 (E.D. Cal. 2009) ("No requirement exists under the statutory framework to produce the original note to initiate non-judicial foreclosure"); *Gamboa v. Trustee Corps*, 2009 U.S. Dist. LEXIS 19613 (N.D. Cal. 2009) ("Plaintiffs' allegations regarding Central's possession of a note ... do not allege violations of the statutes governing non-judicial foreclosures"); *Tina v. Countrywide Home Loans, Inc.*, 2009 U.S. LEXIS 17050 (S.D. Cal. 2009) ("Under California law, an allegation that the trustee did not have the original note ... is insufficient to render the foreclosure proceeding invalid").

1    one such decision:

2    > The legal premise of Plaintiff's lawsuit is that a foreclosing party has
3    > to have the original promissory note before it can proceed.
     > "Enforcement of a note which is a negotiable instrument, by
     > foreclosure or otherwise, requires that the party seeking payment must
4    > be in possession of the original note." (Letter, 2.) Plaintiff cites,
     > chiefly, to Article 3 of the Uniform Commercial Code. (Comp. P 17.)
5    > Wrong law. In fact, the California Court of Appeal has held that
     > "[California] Civil Code sections 2924 through 2924k provide a
6    > comprehensive framework for the regulation of a nonjudicial
     > foreclosure sale pursuant to a power of sale contained in a deed of
7    > trust." *Moeller v. Lien*, 25 Cal. App. 4th 822, 830, 30 Cal. Rptr. 2d 777
     > (1994). The Court of Appeal continued:
8

9    >> The comprehensive statutory framework established to
     >> govern nonjudicial foreclosure sales is intended to be
10   >> exhaustive. It includes a myriad of rules relating to notice
     >> and right to cure. It would be inconsistent with the
     >> comprehensive and exhaustive statutory scheme
11   >> regulating nonjudicial foreclosures to incorporate another
     >> unrelated cure provision into statutory nonjudicial
12   >> foreclosure proceedings.

13   > *Id.* at 834 (citation omitted). Under Civil Code section 2924, ***no party
     > needs to physically possess the promissory note***. See Cal. Civ. Code §
14   > 2924(a)(1).

15   *Sicairos v. NDEX West, LLC*, 2009 U.S. Dist. LEXIS 11223 (S.D. Cal. 2009)

16   (emphasis added).

17          Published decisions provide support for this reasoning.    As the United

18   States District Court for the Northern District of California recently stated:
19   > Under California law, there is no requirement for the production of an
     > original promissory note prior to initiation of a nonjudicial foreclosure.
     > Therefore, the absence of an original promissory note in a nonjudicial
20   > foreclosure does not render a foreclosure invalid.

21   *Pantoja v. Countrywide Home Loans, Inc.*, 640 F. Supp. 2d 1177, 1186 (N.D. Cal.

22   2009) (citations omitted); See also *California Trust Co. v. Smead Inv. Co.*, 6 Cal.

23   App. 2d 432, 434-435 (1935) (failure of a lender to deliver the trust deed and the

24   note to the trustee is not sufficient to invalidate a trustee's sale); *Resolution Trust*

25   *Corp. v. Love*, 36 F.3d 972, 974-975 (10th Cir. 1994) (party seeking to enforce a

26   note need not possess it under Wyoming law); *Mansour v. Cal-Western*

27   *Reconveyance Corp.*, 618 F.Supp.2d 1172, 1181 (D. Ariz. 2009) (rejecting the

28   "show me the note" theory under Arizona law).

1    Since Defendants were not required to possess or produce the original

2    promissory note in order to foreclose, the wrongful foreclosure cause of action fails

3    to state a claim for relief as a matter of law and should be dismissed with prejudice.

4    **D.     The Entire Complaint is Based  on the Meritless "Vapor**

5         **Money" Theory and All the Causes of Action Fail to State a**

6         **Claim for Relief.**

7    Plaintiff's Complaint is nearly identical in both facts pled and in format to

8    those presented in *Johnson v. Deutsche Bank Nat. Trust Co.*, 2009 WL 2575703

9    (S.D.Fla. 2009).  Plaintiff alleges in his first and second causes of action that there

10   was no valid contract for a failure of consideration.  Complaint, ¶ 62, 69 This

11   allegation is based on the "vapor money" theory that Plaintiff did not receive

12   "legal tender" but instead was lent "credit" which is not backed by gold or silver

13   coin and cannot, therefore, create a valid debt.

14   Plaintiff alleges usury in his third cause of action under the theory that

15   Defendant "parted with a sum of Legal Tender Federal Reserve Notes amounting

16   to less than 1/8th of the face value of the Negotiable Instruments that they issued

17   to encumber the Property."  Complaint, ¶ 72.  Plaintiff then bases the remaining

18   causes of action on the allegation that the "contracting parties contracted that the

19   loan would be repaid in Legal Tender 'Dollars'" as opposed to "Negotiable

20   Instruments."  Complaint, ¶ 75.  Plaintiff alleges that Defendants "failed to lend

21   Legal Tender" because they did not loan "coin issued by the U.S. Government

22   containing 271 4/16 grains of pure silver."  Complaint, ¶ 76.

23   Claims based on the "vapor money" theory have been consistently rejected

24   and dismissed by federal courts on the basis that legal tender does not need to be

25   used in loans if the parties agree. *Nixon,* 615 F.Supp. at 900; *Rene v.Citibank NA,*

26   32 F.Supp.2d 539, 544 (E.D.N.Y.1999); *Thiel v. First Federal Sav. & Loan Ass'n*

27   *of Marion,* 646 F.Supp. 592, 595 (N.D.Ind.1986) (sanctioning plaintiffs for

28   frivolous litigation involving vapor money); *Rodriguez v. Countrywide Home*

*Loans, Inc.,* Case No. 08-23119-CIV-HUCK/O'SULLIVAN (S.D.Fla.2008) (dismissing with prejudice consolidated vapor money claims because amendments would be futile under this theory).

Based on the holding in *Nixon,* later courts have summarily dismissed claims based on the vapor money theory because such theory lacks legal merit. *See Roper v. Mortgage Elec. Registration Sys.,* 07-10002, 2007 WL 3244754, at *2 (E.D.Mich.2007) (dismissing vapor money claim); *Richardson v. Deutsche Bank Trust Co. Americas,* 08-01857, 2008 WL 5225824, at *7, (M.D.Pa.2008) (dismissing vapor money claim as "patently frivolous and a waste of judicial resources"); *Carrington v. Federal Nat'l Mortgage Assoc.,* Case No. 05-73429, 2005 WL 3216226, at *2 (E.D.Mich.2005) (recognizing that vapor money theory has been "universally rejected by numerous federal courts"). Further, the court in *Nixon* observed that the market place recognizes the value of credit and dismissed the claims predicated on the vapor money theory. *Nixon,* 615 F.Supp. at 901.

Here, the Plaintiff agreed to the credit loan by accepting the benefits of the transaction and only protested after he defaulted on the loan. Thus, the Plaintiff's Complaint, which relies on the vapor money theory, lacks merit and should be dismissed.

### E.   The RICO Cause of Action Fails to State a Claim for Relief.

In the thirteenth cause of action, Plaintiff alleges that Defendants have engaged in a pattern of racketeering activity in violation of 18 U.S.C. § 1961, the Racketeer Influenced and Corrupt Organizations Act ("RICO"). According to Plaintiff, "Defendants regularly engage in cooperative efforts to deprive the public of property and cash under an elaborate scheme or artifice where the unaware public unknowingly enters into contracts under fraudulent terms wherein they are systematically loaned credit when they were led to believe that the were being

1    loaned real money . . ." Complaint, ¶104.

2         The cause of action lacks the necessary elements of a RICO claim.  "To

3    successfully state a RICO claim, a plaintiff must allege four elements: '(1)

4    conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.'"

5    *Robbins v. Wilkie*, 300 F.3d 1208, 1210 (10th Cir. 2002).   Plaintiff's cause of

6    action fails to allege the predicate charges of racketeering activity with sufficient

7    particularity and fails to adequately allege a pattern of racketeering activity.  The

8    cause of action lacks any specifics as to time, place, and contents of allegedly false

9    representations and fails to identify a single person who conducted improper

10   activities or made fraudulent representations on behalf of the corporate

11   defendants.  Similarly, the cause of action fails to give Defendants clear notice of

12   the particulars of a single predicate act that allegedly violated the statue.   The

13   cause of action should also be dismissed for failure to comply with the heightened

14   pleading standard of F.R.Civ.P. P. 9(b), which applies to predicate acts of fraud

15   for a RICO claim.  *Cayman Exploration Corp. v. United Gas Pipe Line Co.*, 873

16   F.2d 1357, 1362 (10th Cir. 1989).

17        "Given the seriousness of RICO allegations and the threat of treble

18   damages, defendants are entitled to fair notice of the precise basis of the alleged

19   predicate acts."  *Welch v. Centex Home Equity Co., L.L.C.*, 323 F. Supp. 2d 1087,

20   1095 (D. Kan. 2004).  Since the cause of action does not provide this notice, it

21   fails to state a RICO claim and should be dismissed.

22        **IV.   CONCLUSION**

23        Rule 12(b)(6) allows a defendant "to test whether, as a matter of law, the

24   plaintiff is entitled to legal relief even if everything alleged in the complaint is

25   true."  *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993).  In the present case,

26   Plaintiff is not entitled to legal relief because the entire Complaint is based on the

27   meritless "vapor money" theory.   Consequently, the Complaint should be

28   dismissed.  Lack of a valid legal claim makes trial unnecessary even if the alleged

facts are true.  11 Moore's Federal Practice, ¶ 56.02, pp. 56-20 – 56-21 n. 8 (3d ed. 2003) (citing *Gonzalez v. Torres*, 915 F.Supp. 511, 515 (D.P.R. 1996)).


Dated:  October 12, 2010            MALCOLM ♦ CISNEROS


                                    By:   /s/ William G. Malcolm
                                          WILLIAM G. MALCOLM
                                          ANDREW SCOBLE
                                          Attorneys for Defendants
                                          BANK OF NEW YORK MELLON
                                          CORPORATION, RECONTRUST
                                          COMPANY, MORTGAGE ELECTRONIC
                                          REGISTRATION SYSTEMS, INC., BAC
                                          HOME LOANS SERVICING, LP, and
                                          COUNTRYWIDE HOME LOANS, INC.